UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HEIDI PIERSIAK, PERSONAL REPRESENTATIVE OF THE ESTATE OF EMMA GOODWIN LOWE<br><br>**Plaintiff**<br><br>vs.<br><br>**TOWN OF JACKSON**<br><br>**Defendant** | DOCKET NO. : |

## COMPLAINT

Heidie Piersiak the Personal Representative of the Estate of Emma Goodwin Lowe ("the Estate") brings this action against the Town of Jackson, Maine for unlawful takings. The Town took Emma Goodwin's real property, worth well over $250,000, to cover about $25,000 in unpaid property taxes, which Ms. Goodwin Lowe had been working steadily to pay off, sold it for $150,000, and then kept all of the money. The Estate demands payment of the fair market value of the property the Town took from Emma Goodwin Lowe.

## PARTIES

1) Ms. Heidie Piersiak is a resident of Knox, Waldo County, Maine. She was appointed personal representative of the Estate on September 19, 2023.

2) The Estate was established by the Waldo County, Maine, Probate Court on November 9, 2022.

3) The Inhabitants of the Town of Jackson (the Town) is a municipality located in Waldo County, Maine.

## JURISDICTION AND VENUE

4) Jurisdiction is proper in this Court under federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a). The Court also has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367(a).

5) Venue lies in this District under 28 U.S.C. § 1391(b)(1), (2), because the Defendants is a municipality located in this District and performs its official duties in this District, and many of the events and facts giving rise to this action occurred and are occurring in this District.

## THE TAKING OF MS. LOWE'S PROPERTY AND MAINE'S TAX LIEN MORTGAGE AND FORECLOSURE STATUTORY FRAMEWORK

6) Emma Goodwin Lowe, was the owner of a piece of land, in Jackson, Maine, by virtue of a deed from Henry F. Lowe and Iris A. Lowe to Albert M. Lowe and Emma Lowe dated September 25, 1984 and recorded at the Waldo County, Maine, Registry of Deeds in Book 832, Page 272 (the "Premises").

7) In 2012, Ms. Lowe started having trouble keeping up with her property taxes, after she began to suffer from dementia.

8) She and her family, however, worked consistently to get caught up on the taxes she owed.

9) If property taxes are not paid, after a year, a municipality may attach a lien to the property to satisfy payment on the property tax debt. See 36 M.R.S. § 942.

10) Section 942 sets forth the initial steps a municipality must take to enforce a tax lien, including sending notice to the property owner and filing a tax lien certificate in the registry of deeds. *Id.*

11) The notice must state the amount of the tax, describe the real estate on which the tax is assessed, and demand payment within 30 days. *Id.*

12) If the tax is not paid within that time, the municipality may file a tax lien certificate, which creates a tax lien mortgage on the property and the property owner then has 18 months to redeem the property. See 36 M.R.S. § 943.

13) If the tax, interest, and costs underlying the tax lien are paid within the 18-month period of redemption, then the tax lien mortgage is discharged in the same manner as any other real estate mortgage. *Id.*

14) However, if the tax, interest, and costs underlying the tax lien are not paid with 18 months of the tax lien mortgage being recorded, then the "tax lien mortgage shall be deemed to have been foreclosed and the right of redemption to have expired." *Id.*

15) After the mortgage is foreclosed, there is no obligation under the statute to sell the property in a commercially reasonable matter or to pay the excess proceeds to the property owner. *Id.* Under the Maine statutory scheme, the property is owned by the town and the town may sell the property, keep the property, or give the property away. *Id.* The property owner's interests, as far as the State is concerned, are extinguished by the foreclosure. *Id.*

16) Emma Goodwin Lowe fell behind on property taxes due for 2011 and Town of Jackson recorded a lien dated August 9, 2012, in the amount of $3,875.75 and recorded in the Waldo County, Maine Registry of Deeds at Book 3675, Page 308 ("the 2011 Tax Lien"). That lien was signed by the tax collector of the Town of Jackson, acting under color of State Law.

17) Emma Goodwin Lowe fell behind on property taxes due for 2012 and the Town of Jackson recorded a lien dated September 5, 2013, in the amount of $3,895.47 and recorded in the Waldo County, Maine Registry of Deeds at Book 3799, Page 131 ("the 2012 Tax Lien").

That lien was signed by the tax collector of the Town of Jackson, acting under color of State Law.

18) Emma Goodwin Lowe fell behind on property taxes for 2013 and the Town of Jackson recorded a lien dated August 12, 2014, in the amount of $3,717.33 and recorded in the Waldo County, Maine Registry of Deeds at Book 3889, Page 238 ("the 2013 Tax Lien"). That lien was signed by the tax collector of the Town of Jackson, acting under color of State Law.

19) Emma Goodwin Lowe fell behind on property taxes for 2014 and the Town of Jackson recorded a lien dated August 4, 2015, in the amount of $3,831.25 and recorded in the Waldo County, Maine Registry of Deeds at Book 3986, Page 161 ("the 2014 Tax Lien"). That lien was signed by the tax collector of the Town of Jackson, acting under color of State Law.

20) On or around 2015, it was discovered that one of Ms. Lowe's children had engaged a company to harvest timber on the Premises. With the assistance of the Town some of the proceeds from the timber harvesting were applied to the back taxes on the Premises.

21) On May 28, 2015 the Town of Jackson applied funds for payment of the taxes due on the 2012 Tax Lien and the Town of Jackson discharged the 2012 Tax Lien in an Discharge recorded in the Waldo County, Maine Registry of Deeds at Book 3979, Page 268.

22) On October 15, 2015 the Town of Jackson applied funds for payment of the taxes due on the 2013 Tax Lien and the Town of Jackson discharged the 2013 Tax Lien in a Discharge recorded in the Waldo County, Maine Registry of Deeds at Book 4022, Page 222.

23) Emma Goodwin Lowe fell behind on property taxes for 2015 and the Town of Jackson recorded a lien dated August 3, 2016, in the amount of $4,300.91 and recorded in the Waldo County, Maine Registry of Deeds at Book 4085, Page 327 ("the 2015 Tax Lien"). That lien was signed by the tax collector of the Town of Jackson, acting under color of State Law.

24) On December 15, 2016 the Town of Jackson accepted a payment for the taxes due on the 2014 Tax Lien and the Town of Jackson discharged the 2014 Tax Lien in a Discharge recorded in the Waldo County, Maine Registry of Deeds at Book 4130, Page 232.

25) Emma Goodwin Lowe fell behind on property taxes for 2016 and the Town of Jackson recorded a lien dated August 3, 2017, in the amount of $4,386.22 and recorded in the Waldo County, Maine Registry of Deeds at Book 4189, Page 304 ("the 2016 Tax Lien"). That lien was signed by the tax collector of the Town of Jackson, acting under color of State Law.

26) Emma Goodwin Lowe fell behind on property taxes for 2017 and the Town of Jackson recorded a lien dated September 12, 2018, in the amount of $4,476.14 and recorded in the Waldo County, Maine Registry of Deeds at Book 4306, Page 162 ("the 2017 Tax Lien"). That lien was signed by the tax collector of the Town of Jackson, acting under color of State Law.

27) On December 14, 2018 the Town of Jackson accepted a payment for the taxes due on the 2015 Tax Lien and the Town of Jackson discharged the 2015 Tax Lien in a Discharge recorded in the Waldo County, Maine Registry of Deeds at Book 4342, Page 252.

28) Emma Goodwin Lowe fell behind on property taxes for 2018 and the Town of Jackson recorded a lien dated August 21, 2019, in the amount of $4,517.38 and recorded in the Waldo County, Maine Registry of Deeds at Book 4408, Page 82 ("the 2018 Tax Lien"). That lien was signed by the tax collector of the Town of Jackson, acting under color of State Law.

29) On December 12, 2019 the Town of Jackson accepted a payment for the taxes due on the 2016 Tax Lien and the Town of Jackson discharged the 2016 Tax Lien in a Discharge recorded in the Waldo County, Maine Registry of Deeds at Book 4466, Page 328.

30) Emma Goodwin Lowe fell behind on property taxes for 2019 and the Town of Jackson recorded a lien dated September 21, 2020, in the amount of $4,398.62 and recorded in the

Waldo County, Maine Registry of Deeds at Book 4547, Page 17 ("the 2019 Tax Lien"). That lien was signed by the tax collector of the Town of Jackson, acting under color of State Law.

31) On November 17, 2020 the Town of Jackson accepted a payment for the taxes due on the 2017 Tax Lien and the Town of Jackson discharged the 2017 Tax Lien in a Discharge recorded in the Waldo County, Maine Registry of Deeds at Book 4592, Page 175.

32) Emma Goodwin Lowe fell behind on property taxes for 2020 and the Town of Jackson recorded a lien dated September 1, 2021, in the amount of $4,321.63 and recorded in the Waldo County, Maine Registry of Deeds at Book 4702, Page 114 ("the 2020 Tax Lien"). That lien was signed by the tax collector of the Town of Jackson, acting under color of State Law.

33) Emma Goodwin Lowe fell behind on property taxes for 2021 and the Town of Jackson recorded a lien dated September 19, 2022, in the amount of $4,175.24 and recorded in the Waldo County, Maine Registry of Deeds at Book 4844, Page 187 ("the 2021 Tax Lien"). That lien was signed by the tax collector of the Town of Jackson, acting under color of State Law.

34) Emma Goodwin Lowe passed away on August 27, 2022.

35) On information and belief, the Town of Jackson sold the Premises to Markus H. Lowe on or around March 6, 2023, for $150,000, through a deed signed by the selectmen of the Town of Jackson. Book 4887, Page 237.

36) The sale was after a sealed bid auction, and the Town did not list the property with a licensed realtor.

37) At the time of sale, the Town of Jackson claimed that Ms. Lowe owed approximately $25,000 in taxes, plus fees and interest.

38) The fair market value of the home was significantly higher than the $150,000 that was bid and paid to the Town of Jackson for the Premises.

39) The sale was not conducted in a commercially reasonable manner.

40) The Town did not pay Ms. Lowe, and has not paid the Estate, any of the proceeds of the sale of the Premises and has deprived the Plaintiff of property without just compensation.

41) The Town assessed the Premises at $273,084 in 2023.

42) The assessed value was significantly lower than the fair market value of the Premises.

43) The Estate is owed the fair market value of the Premises.

## COUNT I
## TAKING OF PRIVATE PROPERTY WITHOUT JUST COMPENSATION IN VIOLATION OF THE UNITED STATES CONSTITUTION

44) The Takings Clause, of the Fifth Amendment is applicable to the States through the Fourteenth Amendment, provides that "private property [shall not] be taken for public use, without just compensation." U. S. Const., Amd. 5.

45) Ms. Lowe's home was property, in that it was real property.

46) Ms. Lowe's equity in the Premises was also property protected by the United States Constitution.

47) At all applicable times the Town of Jackson was acting under color of state law.

48) The Town of Jackson, by taking Ms. Lowe's equity without just compensation, has taken private property without just compensation in violation of the Fifth and Fourteenth Amendments giving rise to liability under 42 U.S.C. § 1983.

49) The Fifth Amendment to the United States Constitution prohibits taking private property for public use without "just compensation." U. S. Const., Amd. 5.

50) The 14th Amendment to the United States Constitution makes the Fifth Amendment applicable to States. It provides, in pertinent part, "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U. S. Const., Amd. 14.

51) Despite these constitutional protections, the Town of Jackson took Ms. Lowe's property for unpaid real property taxes, transferred the property to itself, and then kept all the excess equity or value in the property that far exceeded the amount the Town of Jackson claimed it was owed.

52) The Town of Jackson sold the property in a close-bid auction for less than the fair market value and kept all proceeds.

53) When the government takes a citizen's property, they are entitled to the "full monetary equivalent of the property taken" by the government. *Almota Farmers Elevator & Warehouse Co. v. United States*, 409 U.S. 470, 473-74 (1973); *Vogelstein & Co. v. United States*, 262 U.S. 337, 340 (1923).

54) The Defendant refused to pay Ms. Lowe or the Estate the difference between the fair market value of the Premises and Ms. Lowe's tax debt.

55) By assuming physical possession of and dominion over the property, transferring title to the Town of Jackson and keeping either the entire property or the proceeds from a sale that are far more than the amount owed, Defendant has taken the private property without just compensation.

56) The Defendant is likely to continue to take property from others without just compensation under Maine's statute that permits it to take possession of property, sell it and keep sale proceeds which are more than the amounts owed to it.

57) Injunctive relief is appropriate to enjoin the Defendant.

WHEREFORE the Estate, asks that this Honorable Court to find that the Town of Jackson violated Ms. Lowe's rights under the Fifth and Fourteenth Amendments by taking her property without just compensation and:

   a. Determine and award reasonable damages as permitted by law;

   b. Awarder costs and fees of litigation including reasonable attorney's fees as permitted by 42 U.S.C. § 1983 and other applicable law;

   c. Enjoin the Defendant from further unlawful takings;

   d. Grant Plaintiff such other and further relief that she may be entitled to receive.

## COUNT II
## TAKING OF PRIVATE PROPERTY WITHOUT JUST COMPENSATION IN VIOLATION OF THE MAINE CONSTITUTION

58) The Plaintiff realleges the allegations in the previous Paragraphs.

59) The Constitution of the State of Maine, Article I § 21 prohibits takings without just compensation, saying "private property shall not be taken for public uses without just compensation; nor unless the public exigencies require it."

60) The Defendant has taken the Plaintiff's property without just compensation under the Maine State Constitution, as well as the Federal Constitution.

61) The Defendant is likely to continue to take property from others without just compensation under Maine's statute that permits it to take possession of property, sell it and keep sale proceeds which are more than the amounts owed to it.

62) Injunctive relief is appropriate to enjoin the Defendant.

WHEREFORE the Plaintiff, the Estate of Emma Goodwin Lowe, asks that this Honorable Court to find that the Town of Jackson violated Ms. Lowe's rights under the Maine Constitution by taking her property without just compensation and:

a. Determine and award her reasonable damages as permitted by law;

b. Awarded her costs and fees of litigation including reasonable attorney's fees as permitted by law;

c. Enjoin the Defendant from further unlawful takings.

d. Grant Plaintiff such other and further relief that she may be entitled to receive.

## COUNT III

## EXCESSIVE FINES IN VIOLATION OF THE UNITED STATES CONSTITUTION

63) The Plaintiff realleges the allegations in the previous Paragraphs.

64) The Eighth Amendment to the United States Constitution prohibits the imposition of excessive fines.

65) Confiscating the entire value of the property owned by Plaintiff far in excess of the amount owed for taxes is an excessive fine barred by the Eighth Amendment to the United States Constitution.

66) Defendant assessed and collected a prohibited excessive fine from the Plaintiff.

67) Plaintiff has no adequate legal remedy to protect its property interests from the unconstitutional and unlawful conduct herein described.

68) When Defendant takes property in excess of the amounts owed to it for unpaid taxes Defendant imposed a monetary punishment upon the Plaintiff which is grossly disproportionate to the wrong they seek to deter and/or punish.

69) Taking the property of the Plaintiff far in excess of the amounts owed for real estate taxes is an excessive fine under the Eighth Amendment to the United States Constitution.

70) Plaintiff has been injured and damaged by the unlawful excessive fines under the Eighth Amendment to the United States Constitution and are entitled to compensation and other relief as a result.

WHEREFORE, the Plaintiff asks this Honorable Court to:

    a. Declare the Defendant has unlawfully imposed excessive penalties in violation of the Maine Constitution;

    b. Grant appropriate injunctive relief;

    c. Determine the amount of damages to the Plaintiff;

    d. Enter judgment against the Defendant;

    e. Award the Plaintiff its reasonable attorneys' fees and costs as allowed by law; and

    f. Grant such and other further relief that the Plaintiff may be entitled to against Defendant.

## COUNT IV
## EXCESSIVE FINES IN VIOLATION OF THE MAINE CONSTITUTION

71) The Plaintiff realleges the allegations in the previous Paragraphs.

72) Article I, Section 9 of the Maine Constitution prohibits the imposition of excessive fines.

73) Confiscating the entire value of the property owned by Plaintiff far in excess of the amount owed for taxes is an excessive fine barred by the Maine Constitution.

74) Defendant is assessing and collecting prohibited excessive fines.

75) Plaintiff has no adequate legal remedy to protect its property interests from the ongoing unconstitutional and unlawful conduct herein described.

76) When Defendant took property in excess of the amounts owed to it for unpaid taxes the Defendant imposed a monetary punishment upon the Plaintiff which was grossly disproportionate to the wrong it was seeking to deter and/or punish.

77) Taking the property of the Plaintiff in excess of the amounts owed for real estate taxes is an excessive fine under Article I, Section 9 of the Maine Constitution.

78) Plaintiff was been injured and damaged by the unlawful excessive fines under the Maine Constitution, and are entitled to compensation and other relief as a result.

WHEREFORE, the Plaintiff asks this Honorable Court to:

    a. Declare the Defendant has unlawfully imposed excessive penalties in violation of the Maine Constitution;

    b. Grant appropriate injunctive relief;

    c. Determine the amount of damages to the Plaintiff;

    d. Enter judgment against the Defendant;

    g. Award the Plaintiff its reasonable attorneys' fees and costs as allowed by law; and

    h. Grant such and other further relief that the Plaintiff may be entitled to against Defendant.

JURY TRIAL DEMANDED

                                                          Respectfully Submitted,

Dated:  August 9, 2024                        /s/ John Z. Steed
                                                          John Z. Steed, Bar #5399
                                                          Island Justice
                                                          P.O. Box 711
                                                          Stonington, ME 04681
                                                          (207) 200-7077
                                                          john@islandjusticelaw.com