UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **HEIDI PIERSIAK**, Personal Representative of the **ESTATE OF EMMA GOODWIN LOWE**,<br><br>   Plaintiff,<br><br>v.<br><br>**TOWN OF JACKSON**,<br><br>   Defendant. | Civil Action No. 1:24-cv-00289-NT |

## ANSWER AND DEFENSES

Defendant Town of Jackson (the "Town"), by and through undersigned counsel, hereby answers the Complaint filed by Plaintiff as follows:

## DEFENSES

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

3. Plaintiff has failed to present a justiciable controversy among or between the parties.

4. Plaintiff has failed to fulfill certain administrative or statutory prerequisites to maintain its claims.

5. This Court lacks subject matter jurisdiction over Plaintiff's claims.

6. Plaintiff has failed to mitigate its damages, if any, which bars its recovery in this matter.

7. Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or unclean hands.

8. Plaintiff's claims are barred by Plaintiff's own actions, inactions, omissions and/or misconduct.

9. Plaintiff has failed to name all necessary parties to this action.

10. Defendant is not the entity responsible for causing any harm to Plaintiff.

11. Plaintiff's damages, if any, are the result of normal market forces.

12. Plaintiff's Complaint is barred by the Statute of Frauds.

13. Defendant has complied with all statutory requirements.

14. Defendant has acted in good faith at all times relevant to this action.

## ANSWER

### Parties

1. Defendant lacks sufficient information to admit or deny the allegations contained the Paragraph 1 of the Complaint and therefore denies the same.

2. Defendant lacks sufficient information to admit or deny the allegations contained the Paragraph 2 of the Complaint and therefore denies the same.

3. Admitted.

### Jurisdiction and Venue

4. Paragraph 4 of the Complaint is a statement of law to which no response is required. To the extent a response is required, denied.

5. Paragraph 5 of the Complaint is a statement of law to which no response is required. To the extent a response is required, denied.

**The Taking of Ms. Lowe's Property and Maine's Tax Lien Mortgage and Foreclosure Statutory Framework**

6. Admitted.

7. The Town admits that Ms. Lowe failed to timely pay property taxes in multiple tax years. As to the remaining allegations in Paragraph 7, the Town lacks sufficient information to admit or deny the allegations and therefore denies the same.

8. Denied.

9. Paragraph 9 of the Complaint is a statement of law to which no response is required. To the extent a response is required, denied.

10. Paragraph 10 of the Complaint is a statement of law to which no response is required. To the extent a response is required, denied.

11. Paragraph 11 of the Complaint is a statement of law to which no response is required. To the extent a response is required, denied.

12. Paragraph 12 of the Complaint is a statement of law to which no response is required. To the extent a response is required, denied.

13. Paragraph 13 of the Complaint is a statement of law to which no response is required. To the extent a response is required, denied.

14. Paragraph 14 of the Complaint is a statement of law to which no response is required. To the extent a response is required, denied.

15. Paragraph 15 of the Complaint is a statement of law to which no response is required. To the extent a response is required, denied.

16. To the extent that Paragraph 16 alleges action was taken "under color of State law," it is a statement of law to which no response is required. As to the remaining allegations in this paragraph, admitted.

17. To the extent that Paragraph 17 alleges action was taken "under color of State law," it is a statement of law to which no response is required. As to the remaining allegations in this paragraph, admitted.

18. To the extent that Paragraph 18 alleges action was taken "under color of State law," it is a statement of law to which no response is required. As to the remaining allegations in this paragraph, admitted.

19. To the extent that Paragraph 19 alleges action was taken "under color of State law," it is a statement of law to which no response is required. As to the remaining allegations in this paragraph, admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. To the extent that Paragraph 23 alleges action was taken "under color of State law," it is a statement of law to which no response is required. As to the remaining allegations in this paragraph, admitted.

24. Admitted.

25. To the extent that Paragraph 25 alleges action was taken "under color of State law," it is a statement of law to which no response is required. As to the remaining allegations in this paragraph, admitted.

26. To the extent that Paragraph 26 alleges action was taken "under color of State law," it is a statement of law to which no response is required. As to the remaining allegations in this paragraph, admitted.

27. Admitted.

28. To the extent that Paragraph 28 alleges action was taken "under color of State law," it is a statement of law to which no response is required. As to the remaining allegations in this paragraph, admitted.

29. Admitted.

30. To the extent that Paragraph 30 alleges action was taken "under color of State law," it is a statement of law to which no response is required. As to the remaining allegations in this paragraph, admitted.

31. Admitted.

32. To the extent that Paragraph 32 alleges action was taken "under color of State law," it is a statement of law to which no response is required. As to the remaining allegations in this paragraph, admitted.

33. To the extent that Paragraph 33 alleges action was taken "under color of State law," it is a statement of law to which no response is required. As to the remaining allegations in this paragraph, admitted.

34. On information and belief, admitted.

35. The deed was dated February 28, 2023, but acknowledged by Selectpersons John Work and Bryan Menard on March 3, 2023. Otherwise, admitted.

36. Admitted.

37. Admitted that approximately $25,000 was owed. Otherwise, denied.

38. Denied.

39. Denied.

40. To the extent that Paragraph 40 alleges that the Town has "deprived the Plaintiff of property without just compensation," it is a statement of law to which no response is required. As to the remaining allegations in this paragraph, admitted.

41. Admitted.

42. Denied.

43. Paragraph 43 of the Complaint is a statement of law to which no response is required. To the extent a response is required, denied

## COUNT I

**Taking of Private Property Without Just Compensation in Violation of the United States Constitution**

44. Paragraph 44 of the Complaint is a statement of law to which no response is required. To the extent a response is required, denied.

45. Admitted.

46. Paragraph 46 of the Complaint is a statement of law to which no response is required. To the extent a response is required, denied.

47. Paragraph 47 of the Complaint is a statement of law to which no response is required. To the extent a response is required, denied.

48. Paragraph 48 of the Complaint is a statement of law to which no response is required. To the extent a response is required, denied.

49. Paragraph 49 of the Complaint is a statement of law to which no response is required. To the extent a response is required, denied.

50. Paragraph 50 of the Complaint is a statement of law to which no response is required. To the extent a response is required, denied.

51. The Town admits that the tax lien mortgage on the Premises automatically foreclosed due to nonpayment of real property taxes. As to the remaining allegations in paragraph 51, denied.

52. Denied.

53. Paragraph 53 of the Complaint is a statement of law to which no response is required. To the extent a response is required, denied.

54. Denied.

55. Paragraph 55 of the Complaint is a statement of law to which no response is required. To the extent a response is required, denied.

56. Denied.

57. Paragraph 57 of the Complaint is a statement of law to which no response is required. To the extent a response is required, denied.

WHEREFORE, the Town respectfully requests that this Court dismiss Count I of Plaintiff's Complaint, award the Town its costs and reasonable attorney's fees in defending this action, and grant such other relief as it deems appropriate under the circumstances.

## COUNT II

### Taking of Private Property Without Just Compensation in Violation of the Maine Constitution

58. Defendant repeats its responses to the allegations of the previous paragraphs.

59. Paragraph 59 of the Complaint is a statement of law to which no response is required. To the extent a response is required, denied.

60. Paragraph 60 of the Complaint is a statement of law to which no response is required. To the extent a response is required, denied.

61. Denied.

62. Paragraph 62 of the Complaint is a statement of law to which no response is required. To the extent a response is required, denied.

WHEREFORE, the Town respectfully requests that this Court dismiss Count II of Plaintiff's Complaint, award the Town its costs and reasonable attorney's fees in defending this action, and grant such other relief as it deems appropriate under the circumstances.

## COUNT III

### Excessive Fines in Violation of the United States Constitution

63. Defendant repeats its responses to the allegations of the previous paragraphs.

64. Paragraph 64 of the Complaint is a statement of law to which no response is required. To the extent a response is required, denied.

65. Paragraph 65 of the Complaint is a statement of law to which no response is required. To the extent a response is required, denied.

66. Paragraph 66 of the Complaint is a statement of law to which no response is required. To the extent a response is required, denied.

67. Paragraph 67 of the Complaint is a statement of law to which no response is required. To the extent a response is required, denied.

68. Paragraph 68 of the Complaint is a statement of law to which no response is required. To the extent a response is required, denied.

69. Paragraph 69 of the Complaint is a statement of law to which no response is required. To the extent a response is required, denied.

70. Paragraph 70 of the Complaint is a statement of law to which no response is required. To the extent a response is required, denied.

WHEREFORE, the Town respectfully requests that this Court dismiss Count III of Plaintiff's Complaint, award the Town its costs and reasonable attorney's fees in defending this action, and grant such other relief as it deems appropriate under the circumstances.

## COUNT IV

### Excessive Fines in Violation of the Maine Constitution

71. Defendant repeats its responses to the allegations of the previous paragraphs.

72. Paragraph 72 of the Complaint is a statement of law to which no response is required. To the extent a response is required, denied.

73. Paragraph 73 of the Complaint is a statement of law to which no response is required. To the extent a response is required, denied.

74. Paragraph 74 of the Complaint is a statement of law to which no response is required. To the extent a response is required, denied.

75. Paragraph 75 of the Complaint is a statement of law to which no response is required. To the extent a response is required, denied.

76. Paragraph 76 of the Complaint is a statement of law to which no response is required. To the extent a response is required, denied.

77. Paragraph 77 of the Complaint is a statement of law to which no response is required. To the extent a response is required, denied.

78. Paragraph 78 of the Complaint is a statement of law to which no response is required. To the extent a response is required, denied.

WHEREFORE, the Town respectfully requests that this Court dismiss Count IV of Plaintiff's Complaint, award the Town its costs and reasonable attorney's fees in defending this action, and grant such other relief as it deems appropriate under the circumstances.

| | |
|---|---|
| Dated: February 28, 2025 | */s/ Timothy A. Pease* <br> Timothy A. Pease, Esq., Bar No. 9268 <br> tpease@rudmanwinchell.com <br><br> */s/ Jonathan P. Hunter* <br> Jonathan P. Hunter, Esq., Bar No. 4912 <br> jhunter@rudmanwinchell.com <br><br> Attorneys for Defendant <br> Rudman Winchell <br> 84 Harlow Street – P.O. Box 1401 <br> Bangor, ME 04402-1402 <br> (207) 947-4501 |

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2025, I electronically filed the foregoing Answer and Defenses using the CM/ECF system, which will provide notice to all counsel of record in this case.

Dated: February 28, 2025      */s/ Jonathan P. Hunter*
　　　　　　　　　　　　　　　Jonathan P. Hunter, Esq., Bar No. 4912
　　　　　　　　　　　　　　　Attorney for Defendant
　　　　　　　　　　　　　　　Rudman Winchell
　　　　　　　　　　　　　　　84 Harlow Street – P.O. Box 1401
　　　　　　　　　　　　　　　Bangor, ME 04402-1402
　　　　　　　　　　　　　　　(207) 947-4501
　　　　　　　　　　　　　　　jhunter@rudmanwinchell.com